UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MUKHTAR SOU,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. C18-5165RSM

ORDER ADOPTING REPORT AND RECOMMENDATION

The Court, having reviewed the Report and Recommendation ("R&R") of United States Magistrate Judge David W. Christel, Plaintiff's Objections to the R&R, Defendant's Response to the Objections, and the relevant record:

(1) ADOPTS the R&R as further discussed below.

Plaintiff objects to the portion of the R&R concluding that his inconsistent testimony was a clear and convincing reason to discredit his subjective symptom testimony. Dkt. #14. Specifically, Plaintiff objects to that finding because he has asserted a consistent work history since the filing of his claim. Dkt. #14 at 2. While Judge Christel determined that Plaintiff's work history between 2014 and 2015, along with Plaintiff's inconsistent testimony, was a clear and convincing reason to discredit Plaintiff's subjective symptom testimony regarding his right knee, that determination does not adequately take into account the administrative change in Plaintiff's

alleged onset date ("AOD") or the direction of the ALJ at the end of his hearing. Indeed, Plaintiff's AOD was amended by the Social Security Administration prior to the hearing, to account for the work activity, after the 6 month period during which he had returned to work. AR 211 (Dkt. #8-6 at 18). At Plaintiff's hearing, Plaintiff's representative raised the issue, and advised the ALJ that she was attempting to obtain his earnings records directly from the employer. AR 30 (Dkt. #8-2 at 31). At the conclusion of the hearing, the ALJ told Plaintiff's representative that it was not necessary to obtain the earnings records from the employer, as the ALJ believed the work after May 14, 2014 was "covered by an unsuccessful work attempt". AR 78 (Dkt. #8-2 at 79) ("I don't think I need those earnings records. . . . I think that it's covered by an unsuccessful work attempt, hopefully."). Thus, the ALJ was aware of the work activity and the amended AOD at the hearing, but declined to develop the record any further. This Court agrees that for the ALJ to then use that issue to reject Plaintiff's testimony as not credible is an abuse of discretion.

Defendant responds that Judge found the ALJ provided three valid reasons for discounting Plaintiff's statements, but Plaintiff only challenges one of the three reasons, and therefore even if Plaintiff is correct the R&R should be adopted because the Court does not need to uphold every reason provided for discrediting a claimant as long as the remaining reasons are valid. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 and n.4 (9th Cir. 2008). The Court agrees.

In *Carmickle*, the Ninth Circuit Court of Appeals explained:

> Our decision in *Batson* makes clear that reviewing the ALJ's credibility determination *where the ALJ provides specific reasons supporting such* is a substantive analysis. So long as there remains "substantial evidence supporting the ALJ's conclusions on . . . credibility" and the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion," such is deemed harmless and does not warrant reversal. *Id.* at 1197; *see also Stout*, 454 F.3d at 1055 (defining harmless error as such error that is "inconsequential to the ultimate nondisability determination").
> . . . the relevant inquiry in this context is not whether the ALJ would have made a different decision absent any error, . . . it is whether the ALJ's decision

> remains legally valid, despite such error. In *Batson*, we concluded that the ALJ erred in relying on one of several reasons in support of an adverse credibility determination, but that such error did not affect the ALJ's decision, and therefore was harmless, because the ALJ's remaining reasoning *and ultimate credibility determination* were adequately supported by substantial evidence in the record. 359 F.3d at 1197. We never considered what the ALJ would do if directed to reassess credibility on remand--we focused on whether the error impacted the *validity* of the ALJ's decision. *Id.* Likewise, in *Stout,* after surveying our precedent applying harmless error in social security cases, we concluded that "in each case, the ALJ's error . . . was inconsequential to the *ultimate nondisability determination.*" 454 F.3d at 1055 (emphasis added).

*Carmickle*, 533 F.3d at 1162-63. Here, as Judge Christel found, the ALJ's overall credibility determination is supported by the other proper reasons that the ALJ provided, and which were not challenged by Plaintiff. Dkt. #13 at 5. Accordingly, the ALJ's error is harmless.

(2) The Commissioner's decision is AFFIRMED and this matter is CLOSED.

(3) The Clerk is directed to send copies of this Order to all counsel of record.

Dated this 4 day of September, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE